Coulston *v.* Coulston.

---

JESSE C. COULSTON

*v.*

CHARLES W. COULSTON et al.

The fact that an answering mortgagee to a bill for foreclosure alleges and establishes the priority of his mortgage over that of complainant, does not entitle him thereafter to conduct the suit as if he were the complainant.

---

Bill to foreclose.   On motion to vacate final decree and order of reference.

*Mr. C. Ewan Merritt,* for motion.

*Mr. C. E. Hendrickson, contra.*

THE CHANCELLOR.

The complainant filed his bill to foreclose a mortgage. The defendant Enoch Hollinshead answered, setting up in his answer, by way of cross-bill, the priority of his mortgage to that of the complainant. The cause was referred to one of the vice-chancellors, and Hollinshead's claim was sustained. His solicitor thereupon drew the final decree and had it advised, and it was thereupon signed. He subsequently drew an order of reference, which was also in like manner advised and signed on his motion. The complainant's solicitor now moves to vacate the decree and order on the ground that they were improvidently made. The complainant's solicitor did not lose his right to have charge of the suit by the fact that one of the defendants succeeded in establishing his right to priority for his encumbrance over that

of the complainant. It may be remarked that no cross-bill was necessary in order to litigate the question whether Hollinshead was entitled to the priority he claimed. But if it had been, it would have made no difference as to the complainant's right to control the suit. He was *magister litis* and could not have been deprived of that character, except under the rule for his neglect or refusal to proceed with the suit. If, after the decision, he had unduly delayed entering the decree, the court, on the defendant's application, would have directed him to draw the decree and present it to be settled and signed, and had he not complied with the direction, it might then have ordered the defendant's solicitor to draw it, or might have drawn it itself, or might have ordered the clerk to draw it. There appears to have been no reason for the action complained of, which evidently was due merely to a misapprehension of the practice. The decree and order must be set aside, with costs.